IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FREDERICK J. GAILOR, JR.
and CATHERINE ANN FORM,
    Plaintiffs,

vs.                                                            Case No: 3:20cv4494/TKW/EMT

WALMART CORPORATION,
STORE # 3235, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

    Plaintiffs, proceeding pro se and in forma pauperis, initiated this civil action by filing a complaint and a motion to proceed in forma pauperis (ECF Nos. 1, 7). Upon review of the complaint, it is apparent venue is not proper in the Northern District of Florida. Accordingly, this case should be transferred.

    Venue for this action is governed by 28 U.S.C. § 1391(b), which provides as follows:

    A civil action may be brought in—

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* When venue is not proper in the district in which the case was filed, the court must dismiss or, if it is in the interest of justice, transfer the action to any district in which it could have been brought. 28 U.S.C. § 1406(a). Such transfers may be made sua sponte by the district court. *See, e.g., Wright v. Miranda*, 740 F. App'x 692, 693 (11th Cir. 2018) (under 28 U.S.C. § 1406(a), a district court may transfer a civil action to an appropriate venue if it determines the action was filed in the wrong district).

This case was not properly filed in this judicial district, as there is no indication any Defendant resides in the district or that a substantial part of the events or omissions giving rise to the claims occurred in this district. Indeed, the acts or occurrences forming the basis of the complaint occurred in North Miami Beach, Florida, which is located in the Southern District of Florida and is where the four, unidentified individual Defendants are employed and presumably reside.

Case No.: 3:20cv4494/TKW/EMT

Therefore, in the interest of justice, this action should be transferred to the Southern District of Florida.

Accordingly, it is respectfully, **RECOMMENDED**:

1. That this case be transferred to the United States District Court for the Southern District of Florida.

2. That the clerk of court be directed to close the file.

At Pensacola, Florida, this 26th day of May 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:20cv4494/TKW/EMT